# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROGERI CRISTINA PESSOA, MONICA PINO, STEPHEN REGRUTH, MONIQUE BANKS,**

      **Plaintiffs,**

**-vs-**                **Case No. 6:06-cv-1419-Orl-JGG**

**COUNTRYWIDE HOME LOANS, INC.,**

      **Defendant.**

## ORDER

This cause came on for hearing on March 13, 2007 on the following motion:

> **MOTION:**  **JOINT MOTION TO DISMISS AND NOTICE OF SETTLEMENT (Doc. No. 21)**
>
> **FILED:**   January 30, 2007
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On September 18, 2006, Plaintiff Rogeri Cristina Pessoa filed her complaint against Defendant Countrywide Home Loans, Inc. ["Countrywide"], seeking to hold Countrywide liable under the the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"), for allegedly failing to pay her overtime wages. Docket No. 1. Monica Pino and Stephen Regruth subsequently filed notices of consent to join this action, and the district court directed the Clerk to add Pino and Regruth as plaintiffs to this action. *See* Docket Nos. 4, 5, 8.

On February 5, 2007, the parties and Monique Banks (a potential plaintiff who had not yet been added as a plaintiff to this case) filed a "Joint Motion for In Camera Review of Confidential Settlement, or in the Alternative, to Set Hearing." The Court granted the joint motion in part, and set a hearing on the settlement agreement ti determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). At the hearing on March 13, 2007, counsel for Plaintiffs and Defendant asked that the Court: 1.) grant leave to add Monique Banks as a plaintiff; 2.) allow the parties to file the four settlement agreements (one for each plaintiff) under seal; and 3.) approve the settlement agreements and dismiss the case with prejudice.

**I.     THE LAW**

   **A.     Motions to Seal**

Under federal common law, there is a presumption that judicial records are public documents. *See Nixon v. Warner Commun., Inc.*, 435 U.S. 589, 597 (1978); *Chicago Tribune Co. v. Bridgestone/Firestone*, 263 F.3d 1304, 1311 (11th Cir. 2001). Denial of public access to court records is warranted only when it "is necessitated by a compelling governmental interest, and is narrowly tailored to [...] that interest." *Brown v. Advantage Eng., Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (quotations omitted).

In the case of sealing settlement agreements that are approved by the court, once the matter is brought to the court for resolution, it is a public matter. *Id*. It is immaterial that sealing of the settlement agreement is an integral part of a negotiated settlement between the parties. *Id*. Absent a showing of "extraordinary circumstances," the court file must remain open to the public. *Id*.

The presumption of public access to settlements of FLSA actions is particularly strong. *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003).  This is because the right at issue is of a "private-public character" as described by the Supreme Court in *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).  *Id*.  This public character is based on Congress's intent

> to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce. The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce. To accomplish this purpose standards of minimum wages and maximum hours were provided.

*Brooklyn Sav. Bank*, 324 U.S. at 706-707 (footnotes omitted).  Sealing FLSA settlements from public scrutiny would thwart the public's independent interest in assuring that employees' wages are fair and do not endanger "the national health and well-being."  *Stalnaker*, 293 F. Supp. 2d at 1264 (citations omitted).  Absent a compelling reason, the court cannot seal such records.  *Id*.

**B.      Approval of Settlements**

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees.  The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b).  The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit does reflect "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. Where a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes

in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

### C.    Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1] The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). This makes sense, as most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees.

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

**II.   ANALYSIS**

As discussed earlier, at the hearing on March 13, 2007, counsel for Plaintiffs and Defendant asked that the Court: 1.) grant leave to add Monique Banks as a plaintiff; 2.) allow the parties to file the four settlement agreements (one for each plaintiff) under seal; and 3.) approve the settlement agreements and dismiss the case with prejudice.

First, the *ore tenus* motion to add Monique Banks as a party is **GRANTED**. The Clerk shall add Banks as a plaintiff in this action.

Next, the joint motion to file the settlement agreements under seal is **DENIED**. The parties have not shown that "extraordinary circumstances" that warrant granting their motion to file the settlement agreements under seal. The Court reviewed the settlement agreements in open court at a public hearing on March 13, 2007.

In addition, the Court has reviewed the settlement agreements, including the breakdown of the amount to be paid to Plaintiffs and the amount to be paid to Plaintiffs' counsel,[2] and finds that the settlement agreements are fair and reasonable. Plaintiffs alleged that they were not paid overtime wages for their work as loan specialists for Defendant. *See* Docket Nos. 1, 18. The answer denied these allegations and asserted a number of affirmative defenses. Docket No. 9. This case involves a bona fide dispute as to liability and the amount owed.

In terms of fairness of the settlement, each party was independently represented by counsel. Counsel were obligated to vigorously represent their clients' rights. Based on the amount to be paid to each Plaintiff, there is no suggestion of collusion. The parties represent that they reached these settlement agreements "based on considerable discussion, analysis and negotiation." Docket No. 21 at 1. The settlement is fair and reasonable.

The Court also finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiffs' counsel. Both parties urge this Court to approve the amounts to be paid, and

---

[2]Attorney David Shankman represents all Plaintiffs, including Monique Banks.

the Court therefore accepts the parties' stipulation as to the reasonableness of the attorneys' fees and costs.

Accordingly, it is hereby **ORDERED** that:

1.) Monique Banks shall be added as a plaintiff to this action;

2.) the settlement agreements reviewed by the Court at the March 13, 2007 hearing are **APPROVED**;

3.) the Joint Motion to Dismiss [Docket No. 21] is **GRANTED**;

4.) the case is **DISMISSED** with prejudice; and

5.) the Clerk is directed to close the case.

**DONE** and **ORDERED**  in Orlando, Florida on April 2, 2007.

/s/ James G. Glazebrook
JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party